IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEVE KLEMETTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:11-cv-137-MEF |
| ) | |
| NATHANIEL FOSTER, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This case is before the Court on a Recommendation of the Magistrate Judge (Doc. # 23) that Defendant Nathaniel Foster's ("Foster") Motion for Summary Judgment (Doc. # 18) be granted in full, and that Plaintiff's Motion for Leave to Amend (Doc. # 14) be denied. Plaintiff has filed a timely Objection. (Doc. # 24.) Subject to this Court's observations below related to Foster's qualified immunity defense on Plaintiff's § 1983 unlawful seizure claim, the Recommendation of the Magistrate Judge is due to be ADOPTED and Plaintiff's Objection OVERRULED.

Plaintiff's federal cause of action is a § 1983 unlawful arrest claim. Because the Complaint only seeks monetary damages, Plaintiff necessarily brings this claim against Foster in his individual capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) (individual defendants sued in their official capacities are not "persons" for purposes of § 1983 monetary relief); *see also Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) ("Under the Eleventh Amendment, state officials sued for damages in their

official capacity are immune from suit in federal court."); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (stating that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").  Foster raised the defense of qualified immunity in his motion for summary judgment.  (Doc. # 18, at 15.)

"Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known."  *Lee v. Ferraro*, 284 F.3d 1188, 1193-94 (11th Cir. 2002).  The doctrine aims to focus government officials on "'their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law.'"  *Hoyt v. Cooks*, No. 11-10771, 2012 WL 603033, at *3 (11th Cir. Feb. 27, 2012) (published).

The examination of a qualified immunity defense involves a three-part analysis.  First, the officer must establish that he was acting within his discretionary authority, which is undisputed in this case.  At this point, the court must grant the defendant officer qualified immunity unless the facts taken in a light most favorable to the plaintiff show (1) that there was a violation of the Constitution or federal law and (2) that the illegality of the officer's actions was clearly established at the time of the incident.  In *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), the Supreme Court instructed the lower federal courts to use sound discretion to decide which of these two prongs to address first.

With regard to the clearly established part of the qualified immunity analysis in the context of an unlawful arrest claim, the touchstone inquiry is "arguable probable cause." "While an officer who arrests an individual without probable cause violates the Fourth Amendment, this does not inevitably remove the shield of qualified immunity." *Skop v. City of Atlanta*, 485 F.3d 1130, 1137 (11th Cir. 2007). Rather, in examining a law enforcement encounter that implicates the Fourth Amendment in a § 1983 action where the officer has invoked qualified immunity, the officer need not prove that probable cause existed as a matter of fact. *Holmes v. Kucynda*, 321 F.3d 1069, 1079 (11th Cir. 2003). Rather, the officer need only have an *arguable* basis for the seizure, or arrest. The Eleventh Circuit defines an arguable basis as when "reasonable officers in the same circumstances and possessing the same knowledge as the [d]efendant[ ] could have believed that probable cause existed to arrest [the] [p]laintiff." *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004). For the reasons set forth in the Magistrate Judge's Recommendation, at pages 9-12, not only did Foster have actual probable cause to arrest Plaintiff for the state crime of public lewdness, Foster also necessarily had *arguable* probable cause, which is sufficient to grant him qualified immunity on Plaintiff's § 1983 unlawful arrest claim. Accordingly, Foster also is entitled to qualified immunity on Plaintiff's § 1983 unlawful arrest claim.

After a full review of the Recommendation and the Objection, including *de novo* review over the portions to which Plaintiff objected, 28 U.S.C. § 636(b)(1), it is ORDERED that the Recommendation (Doc. # 23) is ADOPTED, Plaintiff's Objection (Doc. # 24) is

OVERRULED, and Defendant Foster's Motion for Summary Judgment (Doc. # 18) is GRANTED on all claims.  An appropriate final judgment will be entered.

DONE this 8th day of March, 2012.

                                                        /s/ Mark E. Fuller
                                    UNITED STATES DISTRICT JUDGE